UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMBER ZACHARY and LAMAR WALKER, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>MCKESSON CORPORATION,<br><br>Defendant. | Case No.: 22-cv-8601<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

The Named Plaintiffs AMBER ZACHARY and LAMAR WALKER (the "Named Plaintiffs"), by their attorneys, Leeds Brown Law, P.C., allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, to recover damages for delinquent wage payments made to workers who qualify as manual laborers and who were employed at any time by Defendant MCKESSON CORPORATION ("Defendant") between February 24, 2016[1] and the present (the "Relevant Period") in the State of New York.

2. Upon information and belief, throughout the Relevant Period, Defendant has compensated all its employees on a bi-weekly (every other week) basis, regardless of whether said employees qualified as manual laborers under the NYLL.

---

[1] Generally, the applicable statute of limitations for NYLL claims is six years – which means that ordinarily a complaint "looks back" exactly six (6) years from the date of filing. However, the statute of limitations period was tolled for a total of 228 days as a result of Gov. Cuomo's Executive Order Nos. 202.14, 202.28, 202.38, 202.48, 202.55, 202.55.1, 202.60, 202.67, and 202.72. *See Brash v. Richard*, 195 A.D.3d 582 (2d Dep't June 2, 2021) (concluding that the Executive Orders constitute a tolling – as opposed to a suspension – of filing deadlines).

1

3. Upon information and belief, Defendant has at no time during the Relevant Period been authorized by the New York State Department of Labor Commissioner to compensate its employees who qualify as manual laborers on a bi-weekly basis, in contravention of NYLL Article 6 § 191, which requires that without explicit authorization from the Commissioner, such workers must be compensated not less frequently than on a weekly basis.

## JURISDICTION & VENUE

4. This Court has personal jurisdiction over Defendant because Defendant conducts business throughout the State of New York, including at distribution centers in this District where Named Plaintiffs and other employees worked.

5. This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), under the provisions of the Class Action Fairness Act, which specifies that the federal courts maintain original jurisdiction in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a state different from any defendant, and the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. The Named Plaintiffs submit that all such conditions are satisfied such that this Court has original jurisdiction.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

## THE PARTIES

7. Plaintiff AMBER ZACHARY is an individual who currently resides in the State of New York, and who was employed by Defendant as a material handler at its Montgomery, New York distribution center from approximately October 2017 until March 2019.

8. Plaintiff LAMAR WALKER is an individual who currently resides in the State of New York, and who has been employed by Defendant as a material handler at its Montgomery, New York distribution center since approximately October 2017.

9. Both Plaintiff Zachary and Plaintiff Walker would typically perform physical tasks for more than of 25% of their respective workdays, as their responsibilities included, but were not limited to, pulling and packing medical, surgical supplies and equipment orders for shipment, utilizing power equipment (forklifts, hand tools, etc.), working with scanning equipment to maintain records and examining, stocking, and distributing materials in inventory and on manufacturing lines, standing and engaging in repetitive movement, and generally remaining on their feet for the entirety of their respective shifts. Both Plaintiff Zachary and Plaintiff Walker were compensated bi-weekly by Defendant throughout their respective employments, and in so doing were time and again injured by Defendant's failure to pay them timely wages, inasmuch as Defendant's conduct routinely deprived them on a temporary basis of monies they were owed.

10. Upon information and belief, Defendant MCKESSON CORPORATION is a foreign limited liability company organized and existing under the laws of the State of Delaware, with a headquarters and principal place of business located in Irving, Texas.

## CLASS ALLEGATIONS

11. This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

12. This action is brought on behalf of the Named Plaintiffs and a class consisting of similarly situated employees who performed work for Defendant non-exempt, hourly positions that required workers perform physical tasks for more than 25% of their workdays.

13. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of hundreds, if not thousands, of employees. In addition, the names of all potential members of the putative class are not known.

14. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

    a) whether Defendant compensated its employees on a bi-weekly basis;

    b) whether Defendant was lawfully permitted to compensate its employees on a bi-weekly basis; and,

    c) whether Defendant's conduct constitutes a violation of NYLL § 191.

15. The claims of the Named Plaintiffs are typical of the claims of the putative class. The Named Plaintiffs and putative class members were all subject to Defendant's policies and willful practices of failing to compensate employees in compliance with applicable law.

16. The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

17. The Named Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

18. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiffs and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendant.

19. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT: <u>FAILURE TO PAY TIMELY WAGES</u>

20. The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

21. The timely payment of wages provisions of NYLL § 191 and its supporting regulations apply to Defendant and protect the Named Plaintiffs and members of the putative class.

22. Defendant failed to pay the Named Plaintiffs and members of the putative class on a timely basis as required by NYLL § 191(1)(a).

23. By the foregoing reasons, Defendant violated NYLL § 191(1)(a), and as such is liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**WHEREFORE**, the Named Plaintiffs, individually and on behalf of others similarly situated, seek the following relief:

(1) on the first cause of action, against Defendant in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(2) together with such other and further relief the Court may deem appropriate.

Dated: Carle Place, New York
October 10, 2022

**LEEDS BROWN LAW, P.C.**

_/s/ Brett R. Cohen_

Brett R. Cohen
Jeffrey K. Brown
Michael A. Tompkins
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550

*Attorneys for the Named Plaintiffs & Putative Class*